Monica M. Miller
Pro Se Plaintiff
2500 NW Regency St., unit 40,
Bend, OR, 97703
(458) 836-9475
Advocacyjust@outlook.com

FILED 09 OCT '25 13:44 USDC-ORE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON EUGENE DIVISION

6:25-cv-01856-MC

MONICA M. MILLER, Plaintiff,

v.

SAVING GRACE IMAGINE LIFE WITHOUT VIOLENCE, a/k/a SAVING GRACE,

Defendant.

Case No. ____________

COMPLAINT FOR DAMAGES

(Jury Trial Demanded)

COMPLAINT

(Title VII, ADA, and 41 U.S.C. § 4712 – Whistleblower Retaliation)

Plaintiff, Monica M. Miller ("Plaintiff"), alleges as follows:

As a direct and proximate result of the foregoing conduct, Defendant violated Plaintiff's rights under federal law as set forth below.

## I. NATURE OF THE ACTION

This is a civil action for retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.; discrimination, failure to accommodate, and retaliation under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq.; and whistleblower retaliation under 41 U.S.C. § 4712, arising from Defendant's unlawful treatment of Plaintiff after she opposed discrimination and reported misconduct, including grant-related violations and breaches of survivor confidentiality.

## II. JURISDICTION AND VENUE

This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1343 because Plaintiff asserts claims arising under federal law (Title VII, ADA, and 41 U.S.C. § 4712).

Venue is proper in the District of Oregon under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to these claims occurred in Deschutes County, Oregon, which lies within the Eugene Division.

A related state civil action is pending: Miller v. Saving Grace et al., Deschutes County Circuit Court, Case No. 25CV43494. This Complaint asserts distinct federal statutory claims.

## III. PARTIES

Plaintiff Monica M. Miller is an individual and former employee of Defendant. She resides in Deschutes County, Oregon.

Defendant Saving Grace Imagine Life Without Violence (also known as Saving Grace and Central Oregon Battering and Rape Alliance) is the Sole federally funded, Domestic Violence, Intimate Partner Violence, Sexual Assault, and Stalking, non-profit, Victim Services Provider serving Central Oregon and surrounding counties in Oregon, with its main office in Bend, Oregon. At all times material, Defendant was an "employer" within the meaning of Title VII and the ADA, and a federal grantee/subgrantee within the meaning of 41 U.S.C. § 4712.

## IV. ADMINISTRATIVE EXHAUSTION (TITLE VII & ADA)

Plaintiff timely filed charges of discrimination and retaliation with the Equal Employment Opportunity Commission (and/or Bureau of Labor and Industries referred herein by "BOLI", dual-filed) concerning the conduct alleged herein.

The EEOC issued a Notice of Right to Sue dated July 10, 2025, which Plaintiff received on or around July 11, 2025.

Plaintiff files this action within 90 days of receiving the Notice of Right to Sue and has satisfied all conditions precedent to suit under Title VII and the ADA.

V. FACTUAL ALLEGATIONS

Plaintiff was employed by Defendant as a DHS Co-Located Domestic Violence Advocate from July 2023 until her termination effective July 29, 2024. Her position was funded in whole or in part by federal and state grants, including VOCA, VAWA, FCYPA, and DHS-related funds.

During her employment, Plaintiff engaged in protected activity by reporting, in good faith, to Defendant's leadership and to relevant oversight agencies—including DOJ, DHS, CVSSD, and OSHA—concerns regarding:

a. Misuse or mismanagement of grant funds;

b. Retaliation and ADA violations;

c. Unlawful denial of survivor services;

d. Breaches of survivor confidentiality (PII/PHI); and

e. Discriminatory conduct toward Plaintiff and others.

After after receiving Plaintiffs disclosures June 26, 2024, Defendant retaliated against Plaintiff by initiating a biased internal investigation and, on or about July 16, 2024, launching a new ADA "accommodation inquiry" mid-investigation as a pretext to discredit her.

Plaintiff had already submitted ADA documentation and FMLA certification on June 3, 2024. Despite this, Defendant imposed a new 15-day deadline that overlapped with her protected leave beginning July 29, 2024 and protected participation in the investigation.

Defendant terminated Plaintiff's access to systems and communications, denied leave it was obligated to honor, and terminated Plaintiff while she was on protected leave.

In communications with third parties—including law enforcement and community partners—

Defendant falsely portrayed Plaintiff as a "threat," shared internal "service restriction" directives, Personally Identifying Information, and effectively blacklisted her from survivor services for which she otherwise qualified.

Defendant's partnerships with local law enforcement and county agencies amplified the retaliatory and defamatory effects of these restrictions, further isolating Plaintiff and chilling her protected activity.

Defendant offered shifting and pre-textual explanations for its actions, including falsely asserting "failure to complete ADA paperwork" and claiming "unlawful recording," the latter being protected activity under law.

Defendant's conduct caused Plaintiff economic loss, reputational harm, and severe emotional distress and continues to impair her access to survivor services and employment opportunities.

## VI. CLAIMS FOR RELIEF

### Count I – Title VII Retaliation (42 U.S.C. § 2000e-3(a))

Plaintiff realleges paragraphs 1–18.

Plaintiff engaged in protected activity by opposing and reporting discrimination and unlawful practices.

Defendant took materially adverse actions against Plaintiff because of her protected activity, including termination, blacklisting, defamation, and interference with services and employment opportunities.

Defendant's conduct violated Title VII's anti-retaliation provision.

Count II – ADA Discrimination, Failure to Accommodate, and Retaliation (42 U.S.C. § 12112 et seq.)

Plaintiff realleges paragraphs 1–22.

Plaintiff is an individual with disabilities within the meaning of the ADA and was qualified to perform the essential functions of her job with or without reasonable accommodation.

Defendant failed to engage in the interactive process in good faith, denied reasonable accommodations, and retaliated against Plaintiff for requesting accommodations and taking disability-related leave, culminating in

termination and other adverse actions, in violation of the ADA.

These actions constitute discrimination, interference, and retaliation in violation of the ADA, 42 U.S.C. §§ 12112(a) and 12203(a).

Count III – Whistleblower Retaliation (41 U.S.C. § 4712)

Plaintiff realleges paragraphs 1–25.

At all relevant times, Defendant was a grantee/subgrantee receiving federal funds, and Plaintiff was an employee covered by 41 U.S.C. § 4712.

Plaintiff made protected disclosures to persons and entities described in § 4712(a)(2), including federal and state oversight agencies and law enforcement, regarding gross mismanagement, gross waste of federal funds, abuse of authority, and violations of law or regulation.

Defendant took adverse personnel actions and engaged in post-employment retaliation (including blacklisting and defamatory communications) because of Plaintiff's protected disclosures, in violation of § 4712.

## VII. DAMAGES AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in her favor and award:

a. Reinstatement to her former position (or a substantially equivalent one), or in the alternative front pay and back pay, including lost wages, benefits, and retirement contributions

b. Compensatory damages for emotional distress, reputational harm, and other non-economic losses;

c. Punitive damages as permitted under Title VII and the ADA (42 U.S.C. § 1981a);

d. Injunctive relief prohibiting further retaliation or defamation, removing service restrictions, and requiring equal, nondiscriminatory access to services;

e. A litigation hold/preservation order requiring retention of all relevant records and ESI;

f. Equitable relief including training, policy revisions, and court supervision to ensure

compliance affecting Plaintiff and similarly situated individuals;

g. Attorney's fees and costs under 42 U.S.C. §§ 2000e-5(k), 12205, and 41 U.S.C. § 4712; and

h. Such other and further relief as the Court deems just and proper.

VIII. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: 8th day of October, 2025.

Respectfully submitted,

Monica M. Miller
Pro Se Plaintiff
2500 NW Regency St., unit 40,
Bend, OR, 97703
(458) 836-9475
Advocacyjust@outlook.com