IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

MONICA M. MILLER,

        Plaintiff,

        v.

SAVING GRACE IMAGINE LIFE
WITHOUT VIOLENCE, a/k/a
SAVING GRACE,

        Defendant.

_____

Case. No. 6:25-cv-01856-MC

ORDER

MCSHANE, Judge:

Plaintiff Monica Miller brings claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Americans with Disabilities Act ("ADA"), and for whistleblower retaliation under the National Defense Authorization Act ("NDAA"), against Defendant Saving Grace Imagine Life Without Violence arising from her termination as an employee of Defendant. Compl. 2–3 (CM/ECF Pagination), ECF No. 1. Plaintiff seeks leave to proceed *in forma pauperis* in this action. ECF No. 2.

Plaintiff's request to proceed *in forma pauperis* (ECF No. 2) is GRANTED. The Complaint (ECF No. 1) is dismissed in part with leave to amend pursuant to 28 U.S.C. § 1915(e)(2)(B).

**<u>SUMMARY OF FACTUAL ALLEGATIONS</u>**

Plaintiff alleges she worked as a "DHS Co-Located Domestic Violence Advocate" with

1 – Order

Defendant from July 2023 until she was terminated on July 29, 2024. Compl. 4. This position was funded by federal and state grants. *Id.* at 3–4. Plaintiff alleges that during her employment she reported multiple concerns to Defendant's leadership and "oversight agencies." *Id.* at 4 (listing "DOJ, DHS, CVSSD, and OSHA"). These concerns included misuse or mismanagement of grant funds, retaliation, ADA violations, unlawful denial of "survivor services," breaches of survivor confidentiality, and discriminatory conduct towards Plaintiff and others. *Id.* at 4–5. Plaintiff made disclosures to Defendant on June 26, 2024. *Id.* at 5. Plaintiff alleges her reports were made in good faith and were protected activity. *Id.* at 4.

Defendant then began an internal investigation regarding Plaintiff's disclosures. Compl. 5. Plaintiff also alleges Defendant launched an "ADA accommodation inquiry" on July 16, 2024 alongside the original internal investigation. *Id.* (internal quotations omitted). Plaintiff characterizes the investigation as "biased" and retaliatory. *Id.* Plaintiff claims Defendant's actions interfered with her scheduled medical leave. *Id.* Plaintiff alleges she had provided ADA documentation and had scheduled leave under the Family and Medical Leave Act as of June 3, 2024. *Id.* Despite this, she states Defendant imposed a "15-day deadline that overlapped with her protected leave beginning July 29, 2024 and protected participation in the investigation." *Id.*

Plaintiff alleges Defendant "portrayed" her as a "threat" in communications with law enforcement and "community partners." Compl. 5–6. She states Defendant shared internal "service restriction directives" and personal identifying information with these third parties. *Id.* Plaintiff claims that as a result, she has been "effectively blacklisted" from working in "survivor services for which she otherwise qualified." *Id.* at 6. She explains that Defendant offered "shifting and pre-textual" explanations for its actions, such as a "failure to complete ADA paperwork" and "unlawful recording." *Id.*

2 – Order

Plaintiff alleges she has suffered economic loss, reputational harm, and severe emotional distress. Compl. 6. Defendant's actions also continue to "impair her access to survivor services and employment opportunities." *Id.* She claims her preexisting "partnerships" with law enforcement and county agencies "amplified" the effects of Defendant's actions. *Id.*

Before commencing this action, Plaintiff filed charges of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") and the Oregon Bureau of Labor and Industries. Compl. 4. The EEOC did not act on Plaintiff's complaint and issued a Notice of Right to Sue dated July 10, 2025. *Id.*; ECF No. 1-3. Plaintiff states she received the notice on or around July 11, 2025. Compl. 4.

Plaintiff seeks compensatory and punitive damages. Compl. 9–10. She also seeks injunctive relief prohibiting further retaliation or defamation, removing service restrictions, and requiring nondiscriminatory access to services. *Id.* Lastly, Plaintiff seeks to be reinstated to her former position with Defendant, or a "substantially equivalent" position. *Id.*

## **LEGAL STANDARD**

This Court has discretion whether to grant *in forma pauperis* status. *See O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990). To qualify for *in forma pauperis* status, a civil litigant must demonstrate that the litigant is unable to pay court fees. 28 U.S.C. § 1915(a)(1); *O'Loughlin*, 920 F.2d at 617. A Court must also assess whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune. 28 U.S.C. § 1915(e)(2)(B).

When screening a complaint for failure to state a claim according to § 1915(e)(2)(B), the Court applies the same standard it applies to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion

3 – Order

to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal citation omitted). The Court is not required to accept legal conclusions, unsupported by alleged facts, as true. *Id.*

## DISCUSSION

The Court is satisfied with Plaintiff's showing of indigency. Plaintiff's petition to proceed *in forma pauperis* (ECF No. 2) is GRANTED. Accordingly, the Court goes on to screen the Complaint under § 1915(e)(2)(B). The Complaint is partially subject to dismissal.

## I.    Retaliation Claims

Plaintiff asserts retaliation claims under Title VII (42 U.S.C. § 2000e-3(a)) and under the ADA (42 U.S.C. § 12203(a)). Compl. 6–8. To establish a *prima facie* claim for retaliation under Title VII or the ADA, an employee plaintiff must establish (1) her involvement in protected activity, (2) an adverse employment action, and (3) a causal link between the two. *See Little v. Windermere Relocation, Inc.*, 301 F.3d 958, 969 (9th Cir. 2001). Pursuing one's rights under the ADA constitutes a protected activity for retaliation under the ADA. *See Pardi v. Kaiser Found. Hosps.*, 389 F.3d 840, 849 (9th Cir. 2004).

Liberally construing the Complaint, Plaintiff's allegations appear minimally sufficient to survive screening for retaliation claims under Title VII and the ADA.

4 – Order

## II.     Discrimination Claim

Plaintiff also asserts a claim for discrimination under the ADA (42 U.S.C. § 12112(a)). Compl. 7–8. To state a claim for discrimination under the ADA, a plaintiff must establish they are "disabled" within the meaning of the ADA. *Arizona ex rel. Goddard v. Harkins Amusement Enterprises, Inc.*, 603 F.3d 666, 670 (9th Cir. 2010). The ADA defines "disability" as a "physical or mental impairment that substantially limits one or more major life activities of such individual, . . ." 42 U.S.C. § 12102(1)(A). A complaint must contain factual allegations that meet the ADA's definition of "disability." *Shields v. Credit One Bank, N.A.*, 32 F.4th 1218, 1225–26 (9th Cir. 2022). Here, the Complaint is devoid of any such factual allegations and instead contains only conclusory statements that Plaintiff has "disabilities within the meaning of the ADA." *See* Compl. 7. Because Plaintiff offers no support for her claim of disability, her discrimination claim appears subject to dismissal.

## III.     Whistleblower Claim

Plaintiff asserts a claim of whistleblower retaliation under the NDAA. Compl. 8. An individual, after exhausting all available administrative remedies, may bring a de novo action against an employer who retaliates against them for disclosing statutorily defined information. 41 U.S.C. §§ 4712(a), (c)(2); *see* ECF No. 1-3. The NDAA protects an employee of a federal contractor who discloses information he or she "reasonably believes" evidences one of the following five types of misconduct: (1) "gross mismanagement of a Federal contract"; (2) "a gross waste of Federal funds"; (3) "an abuse of authority relating to a Federal contract"; (4) "a substantial and specific danger to public health or safety"; or (5) "a violation of law, rule, or regulation related to a Federal contract." § 4712(a)(1); *see Drake v. Agency for Int'l Dev.*, 543 F.3d 1377, 1382 (Fed. Cir. 2008) (discussing required showing of reasonable belief). An employee may make a protected

5 – Order

disclosure of such misconduct to "[a] [f]ederal employee responsible for contract or grant oversight or management at the relevant agency." § 4712(a)(2)(D). A plaintiff can demonstrate that a "disclosure . . . was a contributing factor in the personnel action" taken against them using circumstantial evidence, including timing of the action. 5 U.S.C. § 1221(e)(1); *see* § 4712(c)(6) ("The legal burdens of proof specified in [§ 1221] shall be controlling . . . to determine whether discrimination prohibited under this section has occurred.").

Liberally construing the Complaint, Plaintiff's allegations appear minimally sufficient to survive screening for whistleblower retaliation claim under the NDAA.

## CONCLUSION

Plaintiff's petition to proceed *in forma pauperis* (ECF No. 2) is GRANTED.

Upon screening the Complaint, Plaintiff's Complaint appears partially subject to dismissal. Because Plaintiff is self-represented and her pleadings have not previously been dismissed in this case, dismissal is with leave to amend. Plaintiff shall have thirty (30) days from the date of this Order to file an amended complaint correcting the deficiencies identified in this Order. Plaintiff may alternatively inform the Court of her intention to proceed only as to her claims that survive screening as identified in this Order.

IT IS SO ORDERED.

DATED this 7th day of November, 2025.

_____/s/ Michael McShane____ _____
Michael McShane
United States District Judge

6 – Order